TUITE v. HART et al.

(Supreme Court, Appellate Division, Second Department. April 25, 1902.)

1. UNDUE INFLUENCE—FRAUD—MENTAL CAPACITY—EVIDENCE.

Where, in an action by an administrator to recover a sum drawn by defendant on an order signed by deceased, it was plaintiff's contention that the order was obtained by fraud and deception, while deceased was ill and non compos mentis, but, while the evidence showed that she was ill at the time the order was given; it failed to show that she was non compos mentis, and it appeared that she lived a month after the order was drawn, and that it was acknowledged before a notary, the complaint, in the absence of any showing of fraud or undue influence, was properly dismissed.

2. SAME—PRESUMPTION.

Where, in an action by an administrator to recover a sum drawn by defendant on an order signed by deceased, it was plaintiff's contention that the order was obtained by fraud and deception, while deceased was ill and non compos mentis, the presumptions are with defendant, and plaintiff must show mental incapacity.

Appeal from trial term.

Action by Thomas W. Tuite as administrator of Bridget Ditton, deceased, against Martha Hart and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

David P. Hall (P. Van Alstine, on the brief), for appellant.

James Burke, Jr., for respondent Hart.

WOODWARD, J. This is an action by the administrator of the estate of Bridget Ditton, deceased, to recover $3,000, which the defendants drew from a savings bank upon an order signed by the mark of the deceased. The draft or order for the payment of the money which stood to the credit of the deceased was made on the 16th day of March, 1900, and was drawn on the 26th day of March. On the 19th day of April Mrs. Ditton died, and the contention of the plaintiff is that the money, or the books and papers on which the money was drawn, were taken from the deceased by fraud, forgery, and deception practiced upon her while in her last illness. The complaint alleges "that on the sixteenth day of March, 1900, the said Bridget Ditton, being in ill health and very feeble mentally and physically, and lying upon her deathbed, and being ill with pneumonia and la grippe, acompanied with high fevers, and all through the course of her sickness delirious and non compos mentis"; but there is not a particle of evidence in the case to show that Mrs. Ditton was non compos mentis, or that she was incapable of transacting business. The evidence shows that she was ill, but she lived more than one month after the execution of the papers on which the money was drawn, and which were acknowledged before a notary public, and more than three weeks after the money had actually come into the possession of these defendants; and in the absence of some proof of fraud, collusion, undue influence, or other vitiating circumstance, the plaintiff has clearly failed to establish a

cause of action, and the complaint was properly dismissed upon the merits. The presumptions in this case are with the defendants, and the plaintiff must, to be entitled to question the acts of the decedent, be prepared to show that she was mentally incapacitated, and in this he has utterly failed. Mere physical weakness, and the evidence did not go beyond this, is not sufficient to show mental infirmity, and without this the plaintiff has no case. We think, however, that the judgment should be modified by striking out the words "on the merits," and, as so modified, affirmed, without costs of this appeal. All concur.